UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAHPADUCAH DIVISION

UNITED STATES

v.  No. 5:19-cr-4-BJB

DEANTE T. BROWN

\* \* \* \* \*

MEMORANDUM OPINION & ORDER

Deante Brown is serving a 120-month prison sentence for conspiracy to distribute and possession with the intent to distribute methamphetamine. Citing health concerns and a need to care for his father, Brown seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). But because Brown failed to provide any evidence in support—and failed to show that these concerns amounted to "extraordinary and compelling" reasons warranting his release in any event—the Court denies his motion.

I.

Law-enforcement officers arrested Brown, a previously convicted felon, after a K9 found illegal drugs and officers found handguns and ammunition in Brown's car. Presentence Investigation Report (DN 56) at 5. Brown pled guilty to conspiracy to distribute and possession with the intent to distribute methamphetamine. *See* Plea Agreement (DN 38) at 2; FED. R. CRIM. P. 11(c)(1)(C). Those crimes carry a maximum sentence of life in prison. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. And given Brown's criminal history, they produced a sentencing-guideline range of 360 months to life. PSR at 17. The Court ultimately accepted the parties' plea agreement and sentenced Brown to 120 months in prison and 5 years of supervised release. *See* Judgment (DN 63). Brown currently resides at the Federal Medical Center in Butner, North Carolina.

Having served less than 40% of his sentence, Brown now moves pro se for compassionate release under § 3582(c). Motion (DN 84) at 1.

II.

A district court must employ a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1)(A). *United States v. Elias*, 984

1

F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Compassionate release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) cert. denied, No. 22-7210, 2023 WL 3571586 (U.S. May 22, 2023) (en banc) (quotations omitted). "District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III.

#### A. Exhaustion of Administrative Remedies

Brown did not attach to his motion proof of a compassionate-release request made to the warden, but claims to have exhausted his administrative remedies by waiting at least thirty days after the warden received his request. *See* Motion at 3. The Government contends that the BOP has no record of any compassionate-release request made by Brown. Response to Motion (DN 86) at 2. Exhaustion is not a jurisdictional limitation in § 3582(c)(1)(A). *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). The Court needn't resolve this dispute because Brown's motion more clearly fails on other grounds discussed below. *See United States v. Jackson*, No. 19-cr-20396, 2022 WL 107577, at *5 (E.D. Mich. Jan. 11, 2022) (declining to resolve dispute regarding exhaustion because motion failed on the merits).

#### B. Extraordinary and Compelling

Section 3582(c) doesn't define "extraordinary and compelling." And the Sentencing Commission's policy statement doing so hasn't yet taken effect. *See* 88 Fed. Reg. 28,254, 28,254–59 (May 3, 2023) (effective Nov. 1, 2023). So "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20. But as the Sixth Circuit has noted, "an 'extraordinary and compelling reason,'" in ordinary terms, is "one that is unusual, rare, and forceful." *McCall*, 56 F.4th at 1055.

Brown's motion doesn't establish that extraordinary and compelling reasons warrant his release. He asserts that his own personal health concerns, combined with his obligations to care for his father, justify a sentence reduction. Statement in Support (DN 84-1) at 1; Motion at 5.

As to the health of his father, Brown hasn't supplied evidence of the medical condition(s) at issue. Nor has Brown asserted that he is the only caregiver available to his father. Even if the Court were to assume that his father needs care, and no other caregivers were available, this would still likely not amount to an extraordinary and compelling circumstance. *See, e.g.*, *United States v. Lemons*, No. 22-5500, 2023 U.S. App. Lexis 1348, at *7 (6th Cir. Jan. 19, 2023) (need to care for a parent was not an extraordinary and compelling reason for compassionate release); *United States v. Newton*, 478 F. Supp. 3d 591, 595 (E.D. Mich. 2020) (parental medical hardships, though unfortunate, are not in and of themselves a compelling reason for release).

As to Brown's own health concerns, Statement in Support at 1, he did submit medical records from Butner Federal Medical Center—including blood, urine, and vitals tests. These do not, however, appear to support Brown's contention that he is at high risk for kidney failure. And although Brown asserts that a doctor "told" him he "ha[s] too much protein in [his] urine which leads to kidney failure," Statement in Support at 1, he didn't attach an affidavit from the doctor, or any other evidence, to substantiate that conclusion. Nor do these records, standing alone, suggest that in-prison treatment would be inappropriate or that his condition would improve outside of prison. The same holds true for Brown's high blood pressure and orthopedic surgeries. The record doesn't indicate that these conditions would improve outside of prison or that he would have access to necessary medical treatment he is currently unable to receive. And "as long as the Bureau of Prisons is capable of caring for an inmate's medical needs, an inmate should serve out the balance of his sentence." *United States v. Overby*, 5:19-cr-1, 2023 WL 1965282, at *3 (W.D. Ky. Feb. 13, 2023) (cleaned up) (quoting *United States v. Goode*, No. 14-cr-810-07, 2020 WL 58272, at *5 (S.D.N.Y. Jan. 6, 2020)). So no extraordinary and compelling reasons warrant his release.

### C. Section 3553(a) Factors

Even if Brown had provided an extraordinary and compelling justification under § 3582(c), release would still be inappropriate under § 3553(a). Brown does not address this provision, or the showing it requires, in his papers. And based on the record materials before the Court, discharging Brown's sentence would disserve the rule of law, discount the significance of his offense, and inadequately deter similar offenses. § 3553(a)(2)(A)—(B). Brown has served less than 40% of his sentence. *See United States v. Thomas*, No. 3:12-cr-119, 2022 WL 1421849, at *3 (releasing defendant who had more than four years left to serve wouldn't reflect seriousness of offense); *United States v. Revlett*, No. 5:18-cr-53, 2023 WL 22166, at *5 (W.D. Ky. Jan. 3, 2023) (that "so much" of the defendant's sentence remained counseled against

release).  And as illustrated by his criminal record, Brown's history of recidivism indicates a need to "protect the public from further crimes of the defendant." § 3553 (a)(2)(C); *United States v. Ruffin*, 978 F.3d 1000, 1008-09 (6th Cir. 2020) (defendant posed a danger to the community because of his criminal record).

## ORDER

Based on the record and the law governing compassionate release under 18 U.S.C. § 3582(c), the Court denies Brown's motion for compassionate release (DN 84).

Benjamin Beaton, District Judge
United States District Court

July 17, 2023